EDYTHE G. MASSA, LADDIE CIAFARONE, GENEVIEVE GOLDEN, ROMEO CIAFARONE, ANNE M. FUCCELLO, PLAINTIFFS-APPELLANTS, v. JOHN LAING, DEFENDANT-RESPONDENT.

Argued April 10, 1978—Decided July 20, 1978.

*Mr. Rexford L. Lyon* argued the cause for appellants (*Messrs. Sobel and Lyon,* attorneys).

*Mr. John P. Dolin* argued the cause for respondent (*Mr. John R. Scott,* attorney and on the brief).

PER CURIAM. The judgment is affirmed substantially for the reasons expressed in the majority opinion of the Appellate Division.

HUGHES, C. J., dissenting. With respect, I dissent from the decision of the majority of this Court which would agree, on the basis of the Appellate Division majority opinion, with the reversal of Judge Antell's trial judgment in favor of the plaintiffs. I would affirm the trial court decision for the reasons well stated in the Appellate Division minority opinion of Judge Horn.

As we held in *Baxter v. Fairmont Food Co.,* 74 *N. J.* 588 (1977), following New Jersey precedents and particularly that of *State v. Johnson,* 42 *N. J.* 146 (1964):

The judgment of the initial factfinder then, whether it be a jury * * * or a judge as in a non-jury case * * * is entitled to very considerable respect. It should not be overthrown except upon the basis of a carefully reasoned and factually supported (and articulated) determination, after canvassing the record and weighing the evidence,

that the continued viability of the judgment would constitute a manifest denial of justice. The process of "weighing" the evidence is not to encourage the judge [the appellate court] to "evaluate the evidence as would a jury to ascertain in whose favor the evidence preponderates" (*Kulbacki v. Sobchinsky*, 38 *N. J.* 435, 455 (1962) (Haneman, J., concurring)) and on that basis to decide upon disruption of the jury's [trial court's] finding. "[T]he judge [appellate court] may not substitute his [its] judgment for that of the jury [the trial court] merely because he [it] would have reached the opposite conclusion; he [it] is not a thirteenth and decisive juror." *Dolson v. Anastasia*, [55 *N. J.* 2, at 6 (1969)]. Nevertheless, the process of evidence evaluation called "weighing" is not "a *pro forma* exercise, but calls for a high degree of conscientious effort and diligent scrutiny. The object is to correct clear error or mistake by the jury." *Id.* It is only upon the predicate of a determination that there has been a manifest miscarriage of justice, that corrective judicial action is warranted.

The comparative strictness of these rules is historic in nature, with roots deep in the common law. * '\* * [74 *N. J.* at 597–98 (some citations omitted)].

If these norms are still valid, I cannot see here a justification for nullifying the trial court's decision on the merits based, as affirmed by Judge Antell, on "the clear and convincing evidence" before him. On the contrary, I would not disturb that decision.

Accordingly, I would reverse the Appellate Division.

*For affirmance*—Justices SULLIVAN, PASHMAN, CLIFFORD, SCHREIBER and HANDLER and Judge CONFORD—6.

*For reversal*—Chief Justice HUGHES—1.